```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**DANNY E. BEAUCLAIR,**

                **Petitioner,**

        v.                             CASE NO. 10-3128-SAC

**JOHNNIE GODDARD, et al.,**

                **Respondents.**

### O R D E R

The court considers and decides the following motions in this pro se habeas corpus action filed by a state prisoner.

*Motion for Extension of Time*

Plaintiff's motion for additional time to file a traverse to respondents' Answer and Return is granted.

*Motion for Lodgment*

In a document titled "Motion for Lodgment," petitioner appears to seek a copy of the state court record submitted by respondents with the Answer and Return. The court denies this request.

Petitioner is presumed to have an awareness of his proceedings in the state courts, and federal rules neither require nor provide a mechanism to provide a state habeas petitioner a copy of the state court record. Also, federal rules require appropriate state court records to be submitted to the court with a respondent's Answer and Return, and include no requirement or provision that such records must be provided to a § 2254 litigant. See Federal Rules Governing

Section 2254 Cases in the United States District Courts, Rule 5, 28 U.S.C. foll. § 2254 (addressing state court records to be submitted to the federal court with the Answer and Return).

*Motion for Leave to File Oversized Brief*

Petitioner contends his traverse to the Answer and Return on the 27 grounds raised in the petition will require more pages than allowed by federal court rules, specifically the 30 page limit set by this court's local rules for presenting arguments and authorities in support of, or in response to, motions filed in the District of Kansas. *See* D.Kan.Rule 7.1(e).

However, the federal rules governing habeas corpus proceedings do not set a page limit. *See* Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. § 2254, foll. Nor does this court's local rule expressly pertain to filings in habeas corpus actions. *See generally id.*, Rule 12 (Federal Rules of Civil Procedure may be applied to the extent they are not inconsistent with any statutory provision or § 2254 rules). Because no specific page limit applies, petitioner's request is moot.[1]

IT IS THEREFORE ORDERED that petitioner's motion (Doc. 23) is granted, and that petitioner is granted sixty days from the date of this order to file a traverse.

---

[1] Petitioner is advised, however, that his filing of a reply to the Answer and Return remains subject to the court's general power to control its docket and effect judicial economy. A reply of 30 pages or less would appear more than adequate in this matter, where respondents collectively argue in the Answer and Return that federal habeas review of 22 of petitioner's 27 grounds is barred by petitioner's procedural default in the state courts.

IT IS FURTHER ORDERED that petitioner's "Motion for Lodgment" (Doc. 22) is denied.

IT IS FURTHER ORDERED that petitioner's motion for leave to file an oversized brief (Doc. 24) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 24th day of March 2011 at Topeka, Kansas.

<u>  s/ Sam A. Crow           </u>
SAM A. CROW
U.S. Senior District Judge