IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANNY E. BEAUCLAIR,

       Petitioner,

  v.             CASE NO. 10-3128-SAC

JOHNNIE GODDARD, et al.,

       Respondents.

**O R D E R**

Petitioner proceeds pro se in this matter, seeking habeas corpus relief under 28 U.S.C. § 2254. In May 2011, the court granted petitioner's request for additional time to file a traverse, and denied petitioner's "Motion for Lodgment" which the court construed as petitioner's request for a copy of the state court record submitted by respondents in conjunction with their filing of an answer and return.

Petitioner thereafter timely filed an extensive traverse. Before the court is petitioner's motion for reconsideration of the court's denial of petitioner's Motion for Lodgment.

A motion for reconsideration must be based on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. D.Kan.Rule 7.3(b). Petitioner's motion advances none of these grounds.

Instead, petitioner cites additional authority for his request

for a copy of the state court records submitted for the court's consideration in deciding petitioner's application for federal habeas corpus relief. This cited authority does not convince the court that reconsideration would be warranted.

Petitioner argues he is entitled to a copy of the state court record because it is part of respondents' answer, and cites a Fourth Circuit decision examining federal civil and habeas rules to find service of a habeas corpus answer on the habeas petitioner, complete with the answer's exhibits, was required.[1]

More persuasive, however, are court decisions that have applied the holding in *Thompson* in a more limited fashion to require service on petitioner only of particular exhibits actually attached to the answer,[2] and/or that have denied requests for service on petitioner of the state court record where petitioner demonstrated no need for them.[3]

Here, petitioner's request for a copy of the state court record rests only on an argument that he is entitled under federal civil and habeas rules to service of that record as part of respondents'

---

[1] See *Thompson v. Greene*, 427 F.3d 263, 270 (4th Cir.2005)(citing Rule 5 of the Rules Governing Section 2254 Cases, and Rules 5(a) and 10(c) of the Federal Rules of Civil Procedure); *Harms v. Quarterman*, 2007 WL 950394 (S.D.Tex. March 26, 2007)(citing and following *Thompson*); *Pindate v. Nunn* 248 F.Supp.2d 361 (D.N.J.2003)(same).

[2] *See Sixta v. Thaler*, 615 F.3d 569 (5th Cir. 2010)(separately submitted state court records cited in respondents' answer were not exhibits attached thereto).

[3] *See e.g. Foss v.* Martel, 2011 WL 2414512 (E.D.Cal. June 10, 2011); *Norris v. Crosby*, 2007 WL 122822 (M.D.Fla. Jan. 12, 2007).

answer.  Petitioner does not proceed in forma pauperis in this matter, has not demonstrated any specific need for copies of the state court record in part or in whole, and has not pursued discovery as provided under habeas rules.  *See* Rule 6 of the Rules Governing Section 2254 Cases (party requesting discovery must "provide reasons for the request" and demonstrate "good cause" for the discovery).  Nor has petitioner requested copies of the state court record at his own expense.  The court also notes that petitioner filed a traverse in this matter that clearly demonstrates petitioner's significant command of litigation related to the state conviction being challenged.  The court thus denies petitioner's motion for reconsideration.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (Doc. 27) is denied.

**IT IS SO ORDERED.**

DATED:  This 7th day of March 2012 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge