IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DANNY E. BEAUCLAIR,

                Petitioner,

    v.                                      CASE NO. 10-3128-SAC

JOHNNIE GADDARD, et al.,

                Respondents.


**O R D E R**

Petitioner proceeds pro se in this action seeking habeas corpus relief under 28 U.S.C. § 2254. Before the court is petitioner's motion for bail pursuant to the Bail Reform Act of 1984.[1] Petitioner contends he is entitled to release pending resolution of his habeas corpus petition because the record, which now includes respondents' answer and petitioner's traverse, clearly establishes that he is entitled to relief on the merits of his claims. The court disagrees.

A federal district court has inherent power to release a state prisoner on bond, pending a hearing and a decision on a petition for habeas corpus. *Pfaff v. Wells*, 648 F.2d 689, 692 (10th Cir.1981). That power derives from the court's habeas corpus authority to issue a writ, and not from the Bail Reform Act. *Wolfe v. Clarke*, 819 F.Supp.2d 574 (E.D.Va.2011)(*citing Marino v. Vasquez*, 812 F.2d 499,

---

[1] Petitioner also cites 18 U.S.C. § 3143(b), a provision authorizing the release under limited circumstances of a defendant who has filed an appeal from a *federal* conviction and sentence. Petitioner's reliance on this federal statute is misplaced, as petitioner is proceeding in federal habeas corpus to collaterally challenge his *state* court conviction and sentence.

507 (9th Cir.1987)).² *See* also Fed.R.App.23 (allowing for the release of a state prisoner who is appealing a federal district court's habeas corpus decision). To grant such relief, however, a habeas inmate must show exceptional circumstances and demonstrate a clear case on the merits of the habeas petition. *Id*. at 693; *Johnson v. Nelson*, 877 F.Supp. 569, 570 (D.Kan.1995).

The court finds petitioner has not met this demanding burden. Petitioner reasserts specific grounds in his petition, but fails to demonstrate a high probability of success on any substantial claim of constitutional deprivation. Nor does petitioner identify any exceptional circumstance, other than his conclusory claim of actual innocence, to warrant his release on bond pending the court's decision on petitioner's habeas petition. Accordingly, the court denies petitioner's motion for bail.

IT IS THEREFORE ORDERED that petitioner's motion for bail (doc. 32) is denied.

**IT IS SO ORDERED.**

DATED: This 6th day of November 2012 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

²Here, petitioner's habeas petition is currently before the court for a decision on the merits, which factually distinguishes the instant case from *Wolfe* and *Marino* wherein petitioners sought bail pending resolution of their *appeal* from the district court's disposition of their habeas petition. *See In re Roe*, 257 F.2d 1077 (9th Cir.2001)(disavowing *Marino's* holding of inherent power if habeas petition is pending disposition on the merits by the district court on the merits).