IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANNY E. BEAUCLAIR,

        Petitioner,

v.                              Case No. 10-3128-SAC

JOHNNIE GODDARD, et al.,

        Respondents.

**MEMORANDUM AND ORDER**

This habeas case comes before the Court on Petitioner's motion for reconsideration of the Court's denial of his habeas petition.

**Standard for Motion to Reconsider**

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration. *See Hatfield v. Bd. Of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). The court considers a motion to reconsider as either a motion to alter or amend filed pursuant to Rule 59(e) or a motion for relief from judgment filed pursuant to Rule 60(b), depending on its filing date. Because petitioner filed this motion within 28 days from the entry of judgment, the court treats it as filed pursuant to Rule 59(e). Petitioner must therefore show (1) an intervening change in the controlling law; (2) new evidence that could not have been produced previously by due diligence; or (3) the need to correct clear error or prevent

manifest injustice. *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Petitioner asserts only the latter.

**Proper Level of Deference**

Petitioner contends that the Court erred in finding his claims had been adjudicated on the merits in state court and in applying a deferential standard of review. Petitioner appears to believe that state court decisions made without an evidentiary hearing are not decisions on the merits.

The Supreme Court does not share Petitioner's narrow view of what constitutes a decision on the merits. *See Johnson v. Williams*, 506 U.S. __, 2013 WL 610199 (Feb. 20, 2013). AEDPA's deferential standards of review apply even absent evidentiary hearings and do not even require an opinion from the state court explaining its reasoning. *Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 784 (2011). AEDPA standards do require the state court to review and evaluate the evidence of record and the parties' substantive arguments. *Johnson,* 2013 WL 610199, at 8. The state court did so in this case, ruling on the merits of the same claims which this court properly reviewed deferentially.

**Procedural Default**

Petitioner challenges this Court's finding that some of his claims were procedurally defaulted, contending that any failure is excused by judicial estoppel, fraud, futility, and interference by state court officials. Petitioner asserts interference by the State's defense of res judicata and by the KCOA's

2

finding that Petitioner failed to show manifest injustice or exceptional circumstances (2010 WL 596992 at *4). Petitioner erroneously asserts that any such finding could be made only by the trial court and not by the KCOA.

These asserted exceptions could have been raised earlier. This motion is not to be used to rehash previously rejected arguments or to offer new legal theories or facts that could have been offered previously. *Achey v. Linn County Bank,* 174 F.R.D. 489, 490 (D.Kan. 1997). Nor is a motion to reconsider "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.,* 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd,* 43 F.3d 1484 (10th Cir. 1994).

**Plea Hearing Errors**

Petitioner asserts that because in Kansas, due process requires the district court to inform a defendant at the plea hearing of the maximum possible sentence, he had a state-created right under *Hicks v. Okla*, 447 U.S. 343 (1980). But violation of a state-created right, even if it exists, is not a basis for habeas relief, since habeas review is limited to violations of federal constitutional rights. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner also contends that accepting a plea and thus convicting him without any factual basis cannot be cured after the fact. But this is "the kind of problem that the Due Process Clause is well suited to cure." *Blakely v. Washington*, 542 U.S. 296, 344 (2004). The opportunity to be heard is "an

3

opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Here, as the Court previously found, any deprivation was harmless and was timely cured because the trial court accepted the plea court only momentarily before realizing its error, then immediately went back on the record to have the prosecution present the factual basis for the plea and the Petitioner affirm its truth.

**Innocence**

Petitioner alleges that in addressing his claim of actual innocence, the Court erred in relying on *Herrera v. Collins*, 506 U.S. 390 (1993), when Petitioner also relied on *Schlup v. Delo*, 513 U.S. 298 (1995). In *Herrera*, the petitioner alleged a substantive constitutional claim that the execution of an innocent person pursuant to even an error-free trial would violate the Eighth Amendment. In *Schlup*, the petitioner raised a claim of actual innocence to avoid a procedural bar to the consideration of the merits of his other constitutional claims.

The Court's decision addressed Petitioner's claim of alleged innocence both as a substantive claim, and as *Schlup* gateway claim. No error in that analysis has been shown.

**Evidentiary issues**

Petitioner contends that the Court failed to consider the facts he alleged in his verified pleadings. But it is not the prerogative of this Court to

4

weigh the facts. Instead, it must presume that the state court's factual findings are correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Saiz v. Ortiz,* 392 F.3d 1166, 1175 (10th Cir. 2004).

Petitioner also objects to this court's reference to his counsel's affidavit, which stated that she informed Petitioner of the correct possible sentences before his plea hearing. Petitioner believes the affidavit is hearsay, was not drafted by counsel, was not read by counsel before she signed it, and is fraud upon the court. But any evidentiary objections to the affidavit should have been lodged in state court and are not a basis for habeas relief. A reviewing court may not usurp the role of the finder of fact by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial. *See Jackson v. Virginia,* 443 U.S. 307, 318–19 (1979); *Kelly v. Roberts,* 998 F.2d 802, 808 (10th Cir. 1993).

Concerning the victim's affidavit recanting her testimony, Petitioner invites the Court to ignore the recantation and to use statements by the victim and the Petitioner which are not included in the record. Alternatively, Petitioner invites the Court to rely on Kansas cases dealing with recantation, saying the court should determine its truth by holding an evidentiary hearing. Dk. 39, p. 13. Again, it is not the role of this Court on habeas review to weigh the evidence, to determine credibility, or to rule upon the admission of evidence. "[T]he assessment of the credibility of witnesses is

5

generally beyond the scope of review." *Schlup,* 513 U.S. at 330. See *Wright v. West,* 505 U.S .277, 296–97 (1992).

Petitioner also contends that this Court's own denial of an evidentiary hearing was error because disputed material facts require a full hearing. Specifically, Petitioner seeks to challenge the reliability of counsel's affidavit regarding her advice to Petitioner on the potential length of his sentence, and the truth of the victim's affidavit recanting her testimony. Underlying this argument is Petitioner's erroneous belief that the record consists solely of testimony given from the witness stand, and not of affidavits, verified pleadings, or other matters. Dk. 39, p. 15. But this Court properly found that the record was sufficient to resolve the claims raised by Petitioner, given its limited scope of review.

**Conclusion**

Petitioner has not shown the need to correct clear error or prevent manifest injustice.

IT IS THEREFORE ORDERED that Petitioner's motion for reconsideration is denied.

Dated this 13th day of March, 2013, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge